**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NICHOLAS T. BROWN, | : | **Hon. Noel L. Hillman** |
| Petitioner, | : | Civil No. 11-4709 (NLH) |
| v. | : | |
| ERIC TAYLOR, | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES**:

>   NICHOLAS T. BROWN, #242351
>   Camden County Correctional Facility
>   330 Federal Street
>   Camden, NJ  08101
>   Petitioner <u>Pro Se</u>

**HILLMAN**, District Judge

Nicholas T. Brown ("Petitioner"), an inmate incarcerated at Camden County Correctional Facility in New Jersey, filed a Petition with this Court.  This Court will summarily dismiss the Petition for lack of jurisdiction.

## I.  BACKGROUND

On August 11, 2011, Petitioner executed a two-page document labeled "Writ of Habeas Corpus Ad Deliberandum et Recipiendum"; he addressed it to "United States District Court of Camden County, State of New Jersey, Honorable Robert B. Kugler, presiding."  (Dkt. 1.)  In that document, Petitioner stated:

>   I, Nicholas T. Brown, confined at the Camden County Correctional Facility, Camden, New Jersey, pursuant to 2A:67-13(h), hereby seeking a Writ of Habeas Corpus ad Deliberandum et Recipiendum and alleges:

> 1) I, Nicholas T. Brown, am imprisoned and restraine[]d in the Camden County Correctional Facility, and the person of officer whom by I am imprisoned and restrained is the respondent, Eric Taylor, Warden of the aforementioned county jail;
>
> 2) I, Nicholas T. Brown, have been committed, kidnapped and am detained by virtue of process;
>
> 3) The cause, and presentation is in question, as it pertains to my nationality, a non-federal citizen, a Moorish American to whom the Court has no jurisdiction over my body, nor have I've given jurisdiction over me;
>
> 4) No previous application has been made for this writ, by myself or anyone on my behalf;
>
> 5) WHEREFORE, I, the petitioner pray that this writ of habeas corpus ad deliberandum et recipiendum, directed to Eric Taylor, as warden of the County Jail of Camden County, or whosoever has custodial charge of the lack of process, or me, Nicholas T. Brown, petitioner in this matter, commanding to produce me, Nicholas T. Brown, before this Court at a stated term thereof.  Whereby I may be held in and for the lack of process or answer to process, at the United States District Courthouse on the earliest date possible, that I, the petitioner may address the alleged accusation action levied against me by said Court, as is my right pursuant to R. 3:4-2 and R. 3:4-2, New Jersey Court Rules, and Uniform Commercial Code (UCC) 1-207 & 1-308.

(Dkt. 1.)

## II.   STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the

grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

### III.  DISCUSSION

"Congress . . . possesses the authority pursuant to Article III of the U.S. Constitution, to define the lower federal courts' jurisdiction to adjudicate disputes [and], absent congressional

action, the lower federal courts lack jurisdiction to adjudicate any claims." Animal Science Products, Inc. v. China Minmetals Corp., ___ F. 3d ___, 2011 WL 36066995 (3d Cir. Aug. 17, 2011).

Here, asserting the jurisdictional basis for his application in no ambiguous terms, Petitioner labeled his pleading "Writ of Habeas Corpus ad Deliberandum et Recipiendum." (Dkt. 1 at 1.) Black's Law Dictionary defines "habeas corpus ad deliberandum et recipiendum" as follows:

> [Law Latin "that you have the body to consider and receive"]. *Hist.* A writ used to remove a person for trial from one county to the county where the person allegedly committed the offense.  Cf. EXTRADITION.

Black's Law Dictionary (9th ed. 2009).

At common law, habeas corpus "had other functions besides inquiry into illegal detention with a view to an order releasing the petitioner. Blackstone name[d] four:  habeas corpus ad respondendum; [habeas corpus] ad satisfaciendum; [habeas corpus] ad prosequendum, testificandum, deliberandum; [and habeas corpus] ad faciendum et recipiendum. 3 Commentaries 129-132." Fay v. Noia, 372 U.S. 391, 400 n.5 (1963).  In Ex parte Bollman, 4 Cranch 75, 8 U.S. 75 (1807), Chief Justice Marshall held that the Supreme Court had the statutory power to issue a writ of habeas corpus for the release of two prisoners held for trial under warrant of the Circuit Court of the District of Columbia, but the Court rejected the argument that the Court had inherent power to issue the common law writs, other than habeas corpus ad

4

prosequendum and habeas corpus ad testificundum.  Chief Justice Marshall clarified the jurisdictional aspect as follows:

> Courts which originate in the common law possess a jurisdiction which must be regulated by their common law . . . ; but courts which are created by written law, and whose jurisdiction is defined by written law, cannot transcend that jurisdiction . . . .  [F]or the meaning of the term *habeas corpus*, resort may unquestionably be had to the common law; but the power to award the writ by any of the courts of the United States, must be given by written law . . . .  The inquiry therefore on this motion will be, whether by any statute, compatible with the constitution of the United States, the power to award a writ of *habeas corpus*, in such a case as that of Erick Bollman and Samuel Swartwout, has been given to this court.  The 14th section of the judicial act [provides] "that either of the justices of the supreme court, as well as judges of the district courts, shall have power to grant writs of *habeas corpus*, for the purpose of an inquiry into the cause of commitment . . ."
>
> . . .
>
> The doubt which has been raised on this subject may be further explained by examining the character of the various writs of *habeas corpus*, and selecting those to which this general grant of power must be restricted, if taken in the limited sense of being merely used to enable the court to exercise its jurisdiction in causes which it is enabled to decide finally.
>
> The various writs of *habeas corpus*, as stated and accurately defined by judge Blackstone, (3 Bl. Com. 129.) are, 1st. The writ of *habeas corpus ad respondendum*, 'when a man hath a cause of action against one who is confined by the process of some inferior court; in order to remove the prisoner and charge him with this new action in the court above.'
>
> . . .
>
> 2d. The writ of *habeas corpus ad satisfaciendum*, 'when a prisoner hath had judgment against him in an action, and the plaintiff is desirous to bring him up to some superior court to charge him with process of execution.'

> . . .
>
> 3d. *Ad prosequendum, testificandum, deliberandum,* & c. 'which issue when it is necessary to remove a prisoner, in order to prosecute, or bear testimony, in any court, or to be tried in the proper jurisdiction wherein the fact was committed.' . . .
>
> 4th, and last. The common writ *ad faciendum et recipiendum*, 'which issues out of any of the courts of Westminster-hall, when a person is sued in some inferior jurisdiction, and is desirous to remove the action into the superior court, commanding the inferior judges to produce the body of the defendant, together with the day and cause of his caption and detainer, (whence the writ is frequently denominated an *habeas corpus cum cause*,) to *do and receive* whatever the king's court shall consider in that behalf. This writ is grantable of common right, without any motion in court, and it instantly supersedes all proceedings in the court below.'

Ex parte Bollman, 4 Cranch 75, 8 U.S. at 93-98 (emphasis in original).

Petitioner does not enlighten this Court as to any statute granting this Court the power to grant him writ of habeas corpus ad deliberandum et recipiendum, and this Court, on its own, is not aware of any statutory source supplying such jurisdiction. Accordingly, this Court will dismiss the petition for lack of jurisdiction. Cf. Lehman v. Lycoming County Children's Services Agency, 648 F. 2d 135, 142 (3d Cir. 1981) (holding that habeas corpus jurisdiction does not lie to challenge a termination of parental rights, since [t]he custody of a foster or adoptive parent over a child is simply not the type of custody that may be challenged through federal habeas"); U.S. ex rel. State of Wis. v. First Federal Sav. and Loan Ass'n, 248 F. 2d 804, (7th Cir.

1957) (holding that, since the jurisdiction of federal district courts is defined strictly by statute, there is no specific statutory provision vesting original jurisdiction in district courts in quo warranto actions, and the All Writs Act does not contain a new grant of judicial power, district court lacked jurisdiction to entertain an information in the nature of quo warranto).[1]

## IV. CONCLUSION

In light of the foregoing, the Court dismisses the Petition for lack of jurisdiction.

/s/ Noel L. Hillman
**NOEL L. HILLMAN**
United Stated District Judge

Dated:  September 6 , 2011

At Camden, New Jersey

---

[1] The Court notes, in passing, that – to the degree that the Petition could be construed as challenging Petitioner's detention on the grounds of his "Moorish citizenship" and related to this "Moorish citizenship" Petitioner's self-proclaimed "immunity," Petitioner's claims are facially frivolous and subject to dismissal. See Murakush Caliphate of Amexem Inc. v. New Jersey, ____ F. Supp. 2d ____, 2011 WL 1871431 (D.N.J. May 13, 2011) (detailing facial frivolity of claims raised on the basis of "Moorish citizenship" and "Moorish citizenship" derived from unwarranted reading of all ancient Barbary Treaties, in general, or of the Treaty with Morocco, in particular).